### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| BETH ANN KEEFE, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )    Civil No. 09-116-B-W |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongfully failed to give controlling weight to the opinions of a treating source, failed to find that her ankle injury was a severe impairment, failed to evaluate her obesity properly, wrongly found that she was capable of performing her past relevant work, and wrongly found that she was capable of performing other work.  I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from the

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on December 18, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

impairments of morbid obesity and an affective disorder, impairments that were severe but did not, considered separately or together, meet or medically equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 10-12; that she had the residual functional capacity ("RFC") to perform light work, walk, sit, or stand for six hours each in an eight-hour work day, balance, stoop, kneel, crouch, crawl, and climb ramps and stairs occasionally, understand, remember, and carry out simple work with a specific vocational preparation code of 2 or less, perform low stress work, which is defined as requiring occasional judgment, occasional decision-making, and occasional changes in a work environment, interact with the public occasionally, but not to climb ladders, ropes, or scaffolds, Finding 5, *id*. at 12; that she was able to perform her past relevant work as a flagger, Finding 6, *id*. at 15; that, alternatively, given her age (35 years old at the alleged date of onset), high school education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could perform, Findings 7-10, *id*; and that she, therefore, had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date of the decision, Finding 11, *id*. at 16.  The Decision Review Board selected the decision for review, *id*. at 4, but did not complete its review during the time allowed, *id*. at 1, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work.  20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step the commissioner must make findings of the plaintiff's residual functional capacity and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The plaintiff's appeal also implicates Step 2 of the sequential evaluation process.  The claimant bears the burden of proof at Step 2, although it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85-28).

In the alternative, the administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual

functional capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A. Weight Given to Treating Source's Opinion

The plaintiff first contends that the administrative law judge was required to adopt the restrictions imposed by an injury to her left ankle as identified by her treating physician, Dr. Malyk.  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at 2-3.  Specifically, she complains that the administrative law judge found that she had the capacity to stand and walk for six hours per work day, while Dr. Malyk indicated that she was limited to two hours per work day of standing and walking.  *Id.* at 2.  She asserts that Dr. Malyk's opinion should have been given controlling weight.  *Id*. at 3.

The applicable regulation provides, in relevant part: "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."  20 C.F.R. § 404.1527(d)(2).  Social Security Ruling 96-2p, on which the plaintiff relies, Itemized Statement at 2-3, does not modify this standard.  Among other things, that Ruling says: "Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record."  Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009-2010), at 111.

The administrative law judge in this case provided an extensive recitation of the medical evidence that was inconsistent with Dr. Malyk's conclusion.  Record at 11.  He explained why he

rejected Dr. Malyk's conclusions.  *Id.* at 14.   Under these circumstances, and with these explanations, the administrative law judge was not required by the regulation or the Ruling to give controlling weight to Dr. Malyk's conclusions.

The plaintiff also complains that the administrative law judge "failed to consider Ms. Keefe's use of an assistive device for standing and walking in assessing her" residual functional capacity.  Itemized Statement at 3.  She does not explain how such a consideration would necessarily have changed the administrative law judge's conclusions in this regard.  While the plaintiff may be correct in pointing out that the administrative law judge erred in stating that the cane she used was not prescribed, *id.*, *see also* Record at 11, 384, she does not point to any medical evidence to the effect that the use of the cane prevents her from working or walking.  In addition, her brief ignores the fact that the administrative law judge's complete observation was that "the evidence of record fails to demonstrate that [the cane] is medically necessary or prescribed."  *Id.* at 11.  The plaintiff has offered nothing to refute the first observation.

### B.  Severe Impairment

The plaintiff next asserts that the administrative law judge committed a fatal error when he failed to find at Step 2 that the injury to her left ankle was a severe impairment.  Itemized Statement at 3-4. The administrative law judge addressed this issue at some length.  Record at 11.  He gave sufficient reasons for his conclusion that the injury was not severe, and he included the possible effects of that injury, as he evaluated it, in the residual functional capacity he assigned to the plaintiff.  *Id.* at 12.  Nothing further was required.  20 C.F.R. § 404.1545(e).

Even if the administrative law judge had erred in this regard, any such error was harmless in the absence of a showing that a finding that the ankle injury was a severe impairment would necessarily have altered the administrative law judge's conclusions at Steps 4 and 5 of the

sequential evaluation process.  *McLaughlin v. Barnhart*, No. 04-129-B-W, 2005 WL 1421870 (D. Me. May 24, 2005), at *3.  No such showing has been made by the plaintiff in this case.

## C. Obesity

The plaintiff's next argument is that the administrative law judge "failed to properly evaluate [her] obesity as required by SSR 02-1p."  Itemized Statement at 4.  She asserts that the administrative law judge "failed to consider [her] obesity and its impact on her residual functional capacity[,]' specifically, "in combination with her severe left ankle impairment[,]' her ability to stand and walk as would be required by her past relevant work as a flagger.  *Id*.  But she fails to cite any medical evidence on this point.

The administrative law judge did consider the effects of the plaintiff's obesity, which he found to be a severe impairment, on her residual functional capacity, with particular attention to the medical evidence.  Record at 12-13, 14.[2]  The plaintiff's failure to specify any particular section or requirement of Social Security Ruling 02-1p with which she contends that the administrative law judge failed to comply makes it difficult, if not impossible, to evaluate her claim on this point.  If she means to refer to the section of the Ruling entitled "How Do We Evaluate Obesity in Assessing Residual Functional Capacity in Adults . . .?", Social Security Ruling 02-1p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 256-57, it appears from the opinion that the administrative law judge did in fact comply with the directives of the Ruling.

---

[2] At oral argument, the plaintiff's attorney asserted that the administrative law judge mentioned her obesity only in summary fashion and said only that she failed to comply with treatment for it.  This is incorrect.  The administrative law judge did observe that the plaintiff had failed to "follow through with" two treating physicians' recommendations that she lose weight, Record at 13, but he did not use this observation as a reason to deny benefits, as counsel contended.  Many of the limitations included in the residual functional capacity assigned to the plaintiff by the administrative law judge could not be caused by her mental impairment.  Most of them could not be the result of the ankle injury, which is the only other impairment which the plaintiff contends to be severe.  *See generally Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005).  They must therefore be related to the plaintiff's obesity, the only other impairment found by the administrative law judge to be severe.

### D.  Step 4 Evaluation

At oral argument, counsel for the plaintiff contended that the administrative law judge erred in relying on the report of the state-agency physician, Dr. Chamberlain, in establishing the plaintiff's residual functional capacity.  Counsel for the commissioner correctly pointed out that this issue was not raised in the plaintiff's itemized statement and thus it could not be raised for the first time at oral argument.  *Hopkins v. Astrue*, No. 07-40-P-S, 2007 WL 3023493 (D. Me. Oct. 12, 2007), at *6.  Therefore, I will not consider this argument further.

The plaintiff properly raised in her itemized statement the contention that the administrative law judge's finding that she could return to her past relevant work as a flagger was erroneous because that job requires interaction with the public, and the administrative law judge determined that the plaintiff could only interact occasionally with the public.  Itemized Statement at 5.  She asserts that this court has defined that job in a manner inconsistent with occasional interaction with the public, in Report and Recommended Decision, *Seth Leighton v. Michael J. Astrue*, Civil No. 07-142-B-W, *aff'd* July 22, 2008 (Docket No. 9).  *Id.*  Not surprisingly, counsel for the commissioner disagreed, contending that *Leighton* actually supports the commissioner's position.

Counsel noted, correctly, that the limitation at issue in *Leighton* was to occasional or incidental contact with the public, Report and Recommended Decision at 4-5, while the limitation in this case was to an ability to "interact with the public occasionally."  Record at 15. As discussed in *Leighton,* the description of the job of flagger in the Dictionary of Occupational Titles involves occasional talking, and requires purposeful speaking with others.  Report and Recommended Decision at 4-5.  The vocational expert testified that the job of flagger would be available with a limitation to occasional public interaction.  Record at 45.  The plaintiff has not

challenged this testimony.  Under the circumstances, the administrative law judge's conclusion is supported by substantial evidence in the record.

### E.  Step 5 Evaluation

Because the plaintiff has failed to establish the existence of any reversible error in the administrative law judge's opinion through his finding at Step 4 that she was able to return to her past relevant work, it is not necessary to consider her challenge to his alternative finding at Step 5.

### II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14)) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of December, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge